IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN G. THOMPSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | 1:07-cv-01299-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 30.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On April 19, 2011, the Court issued an order requiring Plaintiff to complete and return documents to initiate service in this action, within thirty (30) days. The thirty (30) day period has now expired, and Plaintiff has not submitted the required documents or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 5, 2007. Plaintiff's failure to submit documents required to initiate service may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot

1  continue to expend its scarce resources assisting a litigant who will not help himself by enabling service
2  to proceed in his case.  Thus, both the first and second factors weigh in favor of dismissal.

3  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
4  itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk
5  that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to
6  submit documents required to initiate service in his case that is causing delay.  Therefore, the third factor
7  weighs in favor of dismissal.

8  As for the availability of lesser sanctions, at this stage in the proceedings there is little available
9  to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
10 unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action,
11 making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion
12 of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this
13 case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of
14 dismissal with prejudice.

15 Finally, because public policy favors disposition on the merits, this factor will always weigh
16 against dismissal.  Id. at 643.

17 Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on
18 Plaintiff's failure to obey the Court's order of April 19, 2011.

19 These findings and recommendations are submitted to the United States District Judge assigned
20 to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being
21 served with these findings and recommendations, Plaintiff may file written objections with the Court.
22 Such a document should be captioned "Objections to Magistrate Judge's Findings and
23 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
24 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25
26 IT IS SO ORDERED.
27 Dated:   June 3, 2011           /s/ Gary S. Austin
28

UNITED STATES MAGISTRATE JUDGE

3