1
2
3
4
5
6
7                          **UNITED STATES DISTRICT COURT**

8                              EASTERN DISTRICT OF CALIFORNIA

9

10   RAHN G. THOMPSON,                        1:07-cv-01299-LJO-GSA-PC

11                 Plaintiff,                 ORDER DENYING MOTION FOR ENTRY
                                              OF DEFAULT
12          v.                                (Doc. 42.)

13   STATE OF CALIFORNIA, et al.,

14                 Defendants.
                                     /
15   _____

16   **I.      BACKGROUND**

17          Rahn G. Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on

19   September 5, 2007. (Doc. 1.)  This action now proceeds with the Second Amended Complaint filed

20   on November 10, 2009, against defendant Tucker for subjecting Plaintiff to adverse conditions of

21   confinement; against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay

22   for failing to protect Plaintiff; against defendants Tucker, Green, and Huckabay for retaliating against

23   Plaintiff; and against defendants Tucker, Thompson, and Melendez for using excessive force against

24   Plaintiff.  (Doc. 25.) On June 29, 2011, Plaintiff filed a motion for entry of default against all of the

25   defendants ("Defendants").  (Doc. 66.)

26   **II.     ENTRY OF DEFAULT**

27          Entry of default is appropriate as to any party against whom a judgment for affirmative relief

28   is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

1

Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1); see First American Bank, N.A. v. United Equity Corp. 89 F.R.D. 81, 86 (D.C.D.C. 1981).

Plaintiff argues that default should be entered against Defendants, because according to the court's record, Defendants were served by the United States Marshal ("Marshal") on June 6, 2011, and Defendants failed to answer the complaint within twenty days. The court has reviewed the record and finds that on June 6, 2011, the court forwarded documents to the Marshal and directed the Marshal to serve process. (Doc. 35, et seq.) However, there is no evidence on the court's record, or documentation submitted by Plaintiff, showing that as of June 29, 2011, the date of Plaintiff's motion, any of the Defendants had been served or agreed to waive service. (Court Record.) Thus, there is no evidence that as of June 29, 2011, Plaintiff was entitled to entry of default, and his motion must be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default, filed on June 29, 2011, is DENIED.


IT IS SO ORDERED.

**Dated:   March 30, 2012**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE