1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| RAHN G. THOMPSON, | 1:07-cv-01299-LJO-GSA-PC |
| Plaintiff, | ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL OPPOSITION (Doc. 72.) |
| v. | ORDER OF CLARIFICATION, PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY ISSUED NOTICE (Doc. 61.) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| | THIRTY-DAY DEADLINE |
| | ORDER VACATING MOTION TO DISMISS FROM COURT'S CALENDAR TO ALLOW TIME FOR AMENDMENT OF OPPOSITION AND REPLY (Doc. 52.) |

## I.    BACKGROUND

Plaintiff Rahn G. Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 5, 2007. (Doc. 1.) This action now proceeds with the Second Amended Complaint filed on November 10, 2009, against defendant Tucker for subjecting Plaintiff to adverse conditions of confinement; against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay for failing to protect Plaintiff; against defendants Tucker, Green, and

1  Huckabay for retaliating against Plaintiff; and against defendants Tucker, Thompson, and Melendez

2  for using excessive force against Plaintiff.  (Doc. 25.)

3  On September 27, 2011, Defendants filed a motion to dismiss this action for failure to

4  exhaust administrative remedies and for failure to state a claim for retaliation.  (Doc. 52.)  Plaintiff

5  filed an opposition on November 21, 2011.  (Doc. 61.)  On December 6, 2011, Defendants filed (1)

6  a reply to the opposition and (2) objections to Plaintiff's evidence submitted in support of his

7  opposition.  (Docs. 66, 67.)  On February 1, 2012, Plaintiff filed (1) a response to Defendants'

8  objections and (2) a supplemental opposition to the motion to dismiss.  (Docs. 71, 72.)

9  On July 10, 2012, the Court directed the Clerk to re-serve the Second Informational Order

10  upon Plaintiff.  (Doc. 75.)  On July 27, 2012, Plaintiff responded to the re-served Second

11  Informational Order, requesting clarification from the Court.  (Doc. 76.)

12  **II.     PLAINTIFF'S SUPPLEMENTAL OPPOSITION**

13  Plaintiff has submitted an opposition and a supplemental opposition to Defendants' motion

14  to dismiss.  The Court will not consider multiple oppositions.  Therefore, Plaintiff's supplemental

15  opposition shall be stricken as an unauthorized pleading.  Plaintiff shall be granted an opportunity

16  to file an amended opposition, if he so wishes.

17  **III.    ORDER OF CLARIFICATION**

18  Plaintiff requests clarification of the Court's decision to re-serve the Second Informational

19  Order.  Plaintiff explains that he sent the Court his opposition to Defendants' motion to dismiss and

20  is now uncertain whether he is expected to file other documents.

21  The Court re-served the Second Informational Order upon Plaintiff in light of the recent

22  decision in Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).  In Woods, the Ninth Circuit held

23  that Plaintiff must be provided with "fair notice" of the requirements for opposing a motion to

24  dismiss for failure to exhaust remedies at the time the motion is brought.  The notice given in this

25  case more than a year ago does not suffice.

26  Plaintiff is not required to file other documents in opposition to the motion to dismiss.

27  However, in light of Woods, Plaintiff shall be permitted the opportunity to file an amended

28  opposition, if he so wishes.

By separate order entitled "Amended Second Informational Order - Notice and Warning of Requirements for Opposing Defendants' Motion to Dismiss," issued concurrently with this order, the Court has again provided the requisite notice. **The Court will not consider multiple oppositions,** however, and Plaintiff has two options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-filed opposition filed on November 21, 2011 or (2) withdraw it and file an amended opposition.[1]

**IV.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's supplemental opposition filed on February 1, 2012, is STRICKEN from the record as an unauthorized pleading;

2.    Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to Defendants' motion to dismiss and file an amended opposition;

3.    If Plaintiff does not file an amended opposition in response to this order, his existing opposition, filed on November 21, 2011, will be considered in resolving Defendants' motion to dismiss;

4.    If Plaintiff elects to file an amended opposition, Defendants' existing reply, filed on December 6, 2011, will not be considered and they may file an amended reply pursuant to Local Rule 230(l); and

5.    In light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendants' motion to dismiss is HEREBY DEEMED VACATED from the Court's calendar to allow time for the filing of an amended opposition and amended reply.

IT IS SO ORDERED.

Dated:    **August 23, 2012**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant.  Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.  Woods, 684 F.3d at 940.