IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN G. THOMPSON, | 1:07-cv-01299-LJO-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |
| vs. | (Doc. 88.) |
| STATE OF CALIFORNIA, et al., | ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |
| Defendants. | (Doc. 52.) |
| | ORDER DISMISSING PLAINTIFF'S CLAIMS FOR RETALIATION, ADVERSE CONDITIONS OF CONFINEMENT, AND EXCESSIVE FORCE, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| | ORDER FOR THIS ACTION TO PROCEED AGAINST DEFENDANTS TUCKER, GREEN, LEE, RINCON, HERNANDEZ, DEATHRIDGE, AND HUCKABAY FOR FAILURE TO PROTECT PLAINTIFF |
| | ORDER DISMISSING DEFENDANTS THOMPSON AND MELENDEZ FROM THIS ACTION |
| | THIRTY DAY DEADLINE FOR DEFENDANTS TO FILE ANSWER TO SECOND AMENDED COMPLAINT |

## I. BACKGROUND

Rahn G. Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On December 21, 2012, findings and recommendations were entered, recommending that Defendants' motion to dismiss for failure to exhaust be granted in part, dismissing Plaintiff's retaliation claim. (Doc. 88.) On January 22, 2013, Defendants filed objections to the findings and recommendations. (Doc. 90.) On January 28, 2013, Plaintiff filed a notice of non-opposition to the findings and recommendations. (Doc. 91.)

## II.   DE NOVO REVIEW

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case, carefully reviewing the entire file, including Defendants' objections. Defendants object to the portion of the findings and recommendations recommending that their motion to dismiss be denied as to (1) the excessive force and conditions of confinement claims against defendant Tucker, and (2) the excessive force claim against defendants Melendez and Thompson.[1] The Magistrate Judge found that Plaintiff satisfied the exhaustion requirement for these claims because Plaintiff provided sufficient notice to prison officials and provided evidence that his appeals were improperly rejected.

Defendants argue that Plaintiff did not properly exhaust his administrative remedies for these claims or show that the administrative appeals process was unavailable to him, and that the Magistrate Judge found no evidence of improper screening.

## III.   DISCUSSION

### A.   Legal Standard

The Ninth Circuit has "recognized that the PLRA ... does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Albino v. Baca, 697 F.3d 1023, 1030-31 (9th Cir. 2012) (citing Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010)). Defendants correctly cite the two-step approach in Sapp to demonstrate improper screening which renders administrative remedies "effectively unavailable." Sapp, 623 F.3d at 823. Under Sapp, "[t]he inmate

---

[1] Defendants have not objected to the findings and recommendations that their motion to dismiss (1) be granted as to the retaliation claim against defendants Tucker, Green, and Huckabay; or (2) be denied as to the failure to protect claim against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay.

2

Case 1:07-cv-01299-LJO-GSA   Document 92   Filed 02/08/13   Page 3 of 7

1  must establish (1) that he actually submitted a grievance or grievances that, if pursued through all levels
2  of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal
3  court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or
4  unsupported by applicable regulations." Id. at 824.

   **A.** **Conditions of confinement and excessive force claims against defendant Tucker**

6    Plaintiff's conditions of confinement claim against defendant Tucker arises from allegations that
7  on October 5, 2006, C/O Tucker forcefully took and destroyed Plaintiff's medically-ordered orthopedic
8  knee brace and cane, forcing Plaintiff to walk 200 yards without the assistance of his medical devices,
9  causing Plaintiff to fall and suffer pain and injury.  Plaintiff's excessive force claim against defendant
10 Tucker arises from allegations that on October 5, 2006, Tucker grabbed Plaintiff's arms, dragged him
11 across the floor, and threw him into a cell.

12   The Court finds evidence of three appeals in which Plaintiff complains that Tucker took his knee
13 brace and cane and assaulted him in October 2006.  The first appeal, which was not assigned a log
14 number, was submitted by Plaintiff on December 8, 2006, and complained about beatings by correctional
15 officers, including C/O Tucker who "drug me violently & threw me into the cell" and "attacked &
16 forcefully took my Doctor's issued cane & my orthopedic knee brace ... on 10/5/2006." (Doc. 1 at 40-41;
17 Doc. 61-1 at 20-21.)  This appeal was filed too late.  Plaintiff had fifteen working days from the date of
18 the incident to file a grievance, and December 8, 2006 is more than fifteen days after October 5, 2006.
19 Cal. Code Regs., tit. 15 §§ 3085.3(c)(6)(2006) (an appeal may be rejected if time limits for submitting
20 the appeal are exceeded), 3084.6(c)(2006) (an appellant must submit the appeal within 15 working days
21 of the event or decision being appealed).  However, the Court finds that if the appeal had been pursued
22 through all levels of administrative appeals, it would have sufficed to exhaust Plaintiff's claims against
23 defendant Tucker.  Nonetheless, Plaintiff has not provided evidence that prison officials screened this
24 grievance inconsistent with or unsupported by applicable regulations.  This appeal was not completed
25 through the Informal Level or any of the Formal Levels of review.  While the face of the grievance
26 shows date stamps of Dec. 15, 2006, Feb. 06, 2007, and Mar. 22, 2007, implying that Plaintiff submitted
27 the grievance to the Appeals Coordinator three times, Plaintiff has not provided evidence of events that

3

interfered with his efforts to complete the appeals process for this specific appeal. Therefore, this appeal does not demonstrate improper screening which renders administrative remedies "effectively unavailable," Sapp, 623 F.3d at 824, and Plaintiff did not satisfy the exhaustion requirement with this appeal.

The second appeal, log no. PVSP-07-00340, was submitted by Plaintiff on December 27, 2006, and complained at the First Level of Review that "My orthopedic knee brace was 'forcefully took (*sic*) & destroyed by C/O W. Tucker on 10/5/06." (Doc. 61-1 at 23.) This appeal was also filed too late and was clearly designated by Plaintiff as a Medical Complaint, requesting only to receive his medical health devices and be housed at a medical facility. Id.  This appeal was not completed through the final or Director's Level of review.  The Court finds that if the appeal had been pursued through all levels of administrative appeals, it would not have sufficed to exhaust either of Plaintiff's claims against defendant Tucker, because the appeal focused on Plaintiff's request for medical treatment, not on Plaintiff's complaint about Tucker's actions.  Tucker's actions were not mentioned at all at the Informal Level of review and therefore did not alert the prison that the appeal was about Tucker. Therefore, this appeal does not  demonstrate improper screening which renders administrative remedies "effectively unavailable," Sapp, 623 F.3d at 824, and Plaintiff did not satisfy the exhaustion requirement with this appeal.

The third appeal, which was not assigned a log number, was submitted by Plaintiff on January 20, 2007, and complained of "many attacks of assaults/beatings upon me by Prison Guards," requesting an investigation into the attacks, including the October 2006 assault by Officer W. Tucker. (Doc. 1-1 at 7, 9.) This appeal was filed too late, more than three months after the October 5, 2006 incident at issue.  However, the Court finds that if the appeal had been pursued through all levels of administrative appeals, it would have sufficed to exhaust Plaintiff's excessive force claim against defendant Tucker. Nonetheless, Plaintiff has not provided evidence that prison officials screened this grievance inconsistent with or unsupported by applicable regulations.  This appeal was not completed through any level of review, and Plaintiff has not provided evidence of events that interfered with his efforts to complete the appeals process for this specific appeal. Therefore, this appeal does not demonstrate improper screening

4

which renders administrative remedies "effectively unavailable," <u>Sapp</u>, 623 F.3d at 824, and Plaintiff did not satisfy the exhaustion requirement with this appeal.

The Court finds no further evidence of any grievances concerning Plaintiff's excessive force or conditions of confinement claims against C/O Tucker. Therefore, under <u>Sapp</u>'s two-step approach, Plaintiff has not shown evidence of improper screening of his appeals concerning these claims, and these claims must be dismissed for failure to exhaust remedies.

**B.     Excessive force claims against defendants Thompson and Melendez**

Plaintiff's excessive force claims against defendants Thompson and Melendez arise from allegations that on November 14, 2006, C/O Thompson and C/O Melendez sprayed Plaintiff with an unknown gas and chemicals which burned Plaintiff; handcuffed Plaintiff and dragged him more than 250 feet across concrete, rocks, gravel, grass, and dirt; threw Plaintiff to the ground; and continued to drag him until his pants and underwear came off and he was completely exposed.

Evidence shows that on November 30, 2006, Plaintiff submitted an appeal, which was not assigned a log number, complaining that he "was handcuffed (hands in back) & assaulted and forcefully & brutely (*sic*) dragged over '250 ft.' across concrete, loose rock's (*sic*), gravel, dirt & grass by coorectional (*sic*) officer's (*sic*) C/O D Thompson & also C/O J. Melendez," who "threw [him] violently to the ground ... disregarding all [his] pleas to stop their assault/attack upon me." (Doc. 1 at 109-110.) Plaintiff complained that he was dragged until "my entire lower body parts became clearly exposed ... my pants & underwear came completely off." (<u>Id.</u> at 110.)

This appeal was timely filed, within 15 working days of the date of the incident. The Court finds that if this appeal had been pursued through all levels of administrative appeals, it would have sufficed to exhaust Plaintiff's excessive force claim against defendants Thompson and Melendez.

There is no evidence that Plaintiff completed the appeals process by obtaining a Director's Level response to this appeal, and Plaintiff has not submitted evidence that his efforts to complete the process were thwarted by prison officials. Plaintiff has provided copies of responses from the Appeals Coordinator, rejecting some of his appeals for various reasons, and it is apparent that Plaintiff was

5

frustrated when his appeals were rejected after he believed he had remedied the deficiencies.[2] However, Plaintiff has not provided evidence that prison officials rejected his November 30, 2006 grievance against C/O Thompson and C/O Melendez for reasons inconsistent with or unsupported by regulations applicable in 2006.[3]

The Court finds no further evidence of grievances concerning Plaintiff's excessive force claims against defendants Thompson or Melendez that would have sufficed to exhaust those claims if pursued through all levels of administrative appeals. Therefore, under Sapp's two-step approach, Plaintiff has not shown evidence of improper screening of his appeals concerning his claims against defendants Thompson and Melendez, and therefore these claims must be dismissed for failure to exhaust remedies.

## IV. CONCLUSION

Based on the foregoing, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on December 21, 2012, are ADOPTED in part;

2. Defendants' motion to dismiss, filed on September 27, 2011, is GRANTED in part;

3. Plaintiff's claims against defendant Tucker for subjecting Plaintiff to adverse conditions of confinement; against defendants Tucker, Green, and Huckabay for retaliating against Plaintiff; and against defendants Tucker, Thompson, and Melendez for using excessive

///

---

[2] On December 8, 2006, one of Plaintiff's appeals was rejected three times for combining more than one issue, although Plaintiff apparently returned the form asking the Appeals Coordinator why he refused to process the appeal after Plaintiff had omitted an issue and explained what the only issue was. (Doc. 1-1 at 25.) On or about December 13, 2006, one of Plaintiff's appeals was returned to him with instructions to include supporting documentation and provide the names of the staff involved. (Doc. 1-1 at 29.) Plaintiff apparently responded by providing the names of correctional officers, and complained that his appeals were wrongly being rejected for using white-out to correct mistakes, for misspelling names, and for filing multiple appeals concerning the same subject matter. Id.

[3] With respect to the Appeals Coordinator's requirement that Plaintiff re-submit the appeal because he had not named the staff members involved in the incident, it could be argued that under the Supreme Court's decision in Jones v. Bock, it was improper for the Appeals Coordinator to reject the appeal for that reason. In Jones v. Bock, the Court concluded that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances. Jones v. Bock, 549 U.S. 199, 219 (2007). However, Jones v. Bock is not applicable to Plaintiff's appeal, because Jones v. Bock was not decided until January 22, 2007, which was after the Appeals Coordinator rejected Plaintiff's appeal in December 2006.

    force against Plaintiff are DISMISSED, without prejudice, for failure to exhaust administrative remedies before filing suit;

4. Defendants Thompson and Melendez are DISMISSED from this action, and the Clerk is DIRECTED to reflect their dismissal on the court record;

5. This action now PROCEEDS with Plaintiff's Second Amended Complaint, filed on November 10, 2009, on Plaintiff's claims against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay for failing to protect Plaintiff, in violation of the Eighth Amendment; and

6. Within thirty days of the date of service of this order, Defendants shall FILE an answer to Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

**Dated:   February 8, 2013**     /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE

7