UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN G. THOMPSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | 1:07-cv-01299-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ASSISTANCE IN OBTAINING ACCESS TO C-FILE (Doc. 104.) |

**I.    BACKGROUND**

Rahn G. Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on September 5, 2007. (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on November 10, 2009, against defendant Tucker for subjecting Plaintiff to adverse conditions of confinement; against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay for failing to protect Plaintiff; against defendants Tucker, Green, and Huckabay for retaliation; and against defendants Tucker, Thompson, and Melendez for using excessive force against Plaintiff. (Doc. 25.)

This case is currently in the discovery phase. On November 18, 2013, Plaintiff filed a request for court assistance in obtaining access to his Central File (C-File) at the prison. (Doc. 104.)

## II. PLAINTIFF'S REQUEST

Plaintiff requests a court order directing prison officials to allow him an "Olson Review," in which to review his C-File at the prison and make copies of documents needed to respond to discovery requests. Plaintiff asserts that he received several sets of interrogatories, and he requires information from his C-File to respond to the interrogatories. Plaintiff argues that he has a right to review his C-File annually pursuant to California regulations and prison policy which allows inmates to "receive an 'Olson Review' each and every single year." Request, Doc. 104 at 5.)

In the alternative, Plaintiff requests the court to obtain information requested by Defendants' interrogatories by reviewing evidence already submitted to the court by Plaintiff.

## III. DISCUSSION

Plaintiff asserts that he has a right to an "Olson Review" pursuant to prison policy. However, Plaintiff does not describe any effort on his part to request an "Olson Review" at the prison following the procedures in place. The court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Moreover, the court lacks jurisdiction to issue an order requiring prison officials to allow Plaintiff to review his C-File. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff should find out how to make a formal request using prison procedures to obtain a review of his C-File and how to make copies of documents from the file.

Plaintiff has suggested that the court obtain responses to the interrogatories from evidence that Plaintiff has already submitted to the court. Plaintiff appears to believe that the court sent him the interrogatories, and that the court should assist him with making responses. Plaintiff is advised that the interrogatories were mailed to him by the Defendants, not by the court. The parties to an action are expected to conduct discovery among themselves pursuant to the Federal Rules of Civil Procedure, without court intervention, unless an issue arises under

Rule 37(a).[1]  Plaintiff is required to respond to discovery requests by Defendants in a timely manner.  If Plaintiff cannot meet a discovery deadline, he should file a motion for extension of time with the court.

Based on the foregoing, Plaintiff's request shall be denied.

## IV.    CONCLUSION

Accordingly, Plaintiff's request for court assistance in obtaining access to his C-File, filed on November 18, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **November 19, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(2)(3).