UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN G. THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | 1:07-cv-01299-LJO-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S DISCOVERY RESPONSES<br>(Doc. 108.) |

**I.　BACKGROUND**

　　Rahn G. Thompson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint on September 5, 2007.  (Doc. 1.)  This case now proceeds on the Second Amended Complaint filed by Plaintiff on November 10, 2009, against defendant Tucker for subjecting Plaintiff to adverse conditions of confinement; against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay for failing to protect Plaintiff; against defendants Tucker, Green, and Huckabay for retaliation; and against defendants Tucker, Thompson, and Melendez for using excessive force against Plaintiff.  (Doc. 25.)

　　This case is currently in the discovery phase.  On December 4, 2013, Plaintiff filed his responses to Defendants' request for production of documents.  (Doc. 108.)

///

## II. DISCOVERY DOCUMENTS

Plaintiff is reminded that the parties to an action are expected to conduct discovery among themselves pursuant to the Federal Rules of Civil Procedure, without court intervention, unless an issue arises under Rule 37(a).[1]  Under Local Rules, discovery documents such as interrogatories, requests for production, requests for admissions, responses, and proofs of service thereof *shall not be filed* unless and until there is a proceeding in which the request, response, or proof of service is at issue. L.R. 250.2(c), 250.3(c), 250.4(c) (emphasis added).  At this stage of the proceedings, none of the parties' discovery documents are at issue.  Thus, Plaintiff should not have filed his discovery responses with the court.  Therefore, Plaintiff's discovery responses shall be stricken from the court's record.[2]

## III. CONCLUSION

Based on the foregoing, Plaintiff's responses to Defendants' discovery requests, filed on December 4, 2013, are STRICKEN from the court's record.

IT IS SO ORDERED.

Dated:   **December 5, 2013**                             **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(2)(3).

[2] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.