UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN G. THOMPSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants. | 1:07-cv-01299-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (Doc. 111.)<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION<br><br>**New Dispositive Motions Deadline:   03/20/2014** |

## I.      BACKGROUND

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 5, 2007.  (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on November 10, 2009, against defendants Tucker, Green, Lee, Rincon, Hernandez, Deathridge, and Huckabay (collectively "Defendants") for failing to protect Plaintiff, in violation of the Eighth Amendment. (Doc. 25.)

On April 10, 2013, the Court issued a Scheduling Order establishing deadlines for the parties, including a deadline of February 18, 2014 for the parties to file pretrial dispositive motions.  (Doc. 99.)  On February 14, 2014, Defendants filed a motion to modify the Scheduling Order.  (Doc. 111.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,

Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a fourteen-day extension of the dispositive motions deadline because despite their due diligence, they have been unable to contact one of the Defendants to obtain a declaration in support of Defendants' motion for summary judgment.

The Court finds good cause to extend the dispositive motions deadline in this action for all parties to this action until March 20, 2014. Therefore, Defendants' motion to modify the Scheduling Order shall be granted.

### III. CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Scheduling Order, filed on February 14, 2014, is GRANTED;
2. The deadline for the parties to submit pretrial dispositive motions is extended from February 18, 2014 to **March 20, 2014** for all parties to this action; and
3. All other provisions of the court's April 10, 2013 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **February 18, 2014**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE